CABOT SAFETY INTERMEDIATE
CORPORATION, Plaintiff,

v.

ARKON SAFETY EQUIPMENT,
INC., Defendant.

Civil Action No. 95–40190–NMG.

United States District Court,
D. Massachusetts.

Oct. 17, 1997.

Arthur F. Dionne, Michael A. Cantor, Philmore H. Colburn, II, Leah M. Reimer, William J. Cass, Fishman, Dionne, Cantor & Colburn, Windsor, CT, for Plaintiff.

James R. Cartiglia, Martha B. Allard, Jeffrey J. Miller, St. Onge, Steward, Johnston & Reens, Stamford, CT, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On October 5, 1995, Cabot Safety Intermediate Corporation ("Cabot") filed an action against Arkon Safety Equipment, Inc. of U.S.A. ("Arkon") alleging infringement of claim 1 of Cabot's Patent No. 4,867,149 ("the '149 patent") under 35 U.S.C. § 271. Pending before this Court are 1) Cabot's Motion for Partial Summary Judgment on the issue of infringement and on the first six of Arkon's affirmative defenses (Docket No. 29)[1] and 2) Arkon's Motion for Summary

---

1. Arkon raised seven "affirmative defenses":

    1. estoppel by laches and acquiescence;
    2. invalidity of the '149 patent under 35 U.S.C. §§ 102, 103;
    3. estoppel regarding assertion of certain claim constructions;

    4. invalidity of the '149 patent under 37 C.F.R. § 1.56(a);
    5. invalidity of the '149 patent under 35 U.S.C. § 112;
    6. lack of infringement of the '149 patent; and
    7. lack of willful infringement of the '149 patent.

Judgment on the issue of infringement (Docket No. 59).

## I. Factual Background

The issue in the pending case is whether Arkon's marketed earplugs infringe Cabot's patent for earplugs. Cabot's patented earplug has an elongated stalk with a nose end and three hollow, rearwardly extending, spaced apart flanges. The flanges have substantially circular cross–sections of serially decreasing diameters, with the smallest diameter flange located at the nose of the stalk. Each of the flanges has a generally hemispherical shape, comprises a skirt of relatively uniform thickness (0.008–0.050 inches) and is composed of a resilient, polymeric material having a hardness value within certain limits. The diameter of the stalk provides an annular free space between the inner surface of the flange and the stalk.

Arkon offered for sale and/or sold two styles of earplugs, the ORIS™ Comfort–Fit and the ORIS™ Track–Fit Earplugs. Both earplugs have an elongated stalk with a nose end and three hollow, rearwardly extending, spaced flanges. The flanges have substantially circular cross-sections of serially decreasing diameters, with the smallest diameter flange located at the nose of the stalk. Each of the flanges is composed of a resilient, polymeric material having a hardness within the limits described in the '149 patent. The diameter of the stalk provides an annular free space between the inner surface of the flange and the stalk. (Declaration of Ross Gardner, Jr.).[2]

## II. Analysis

### A. Summary Judgment

Summary judgment is proper "in a patent case where no genuine issue of material facts exists and the movant is entitled to judgment as a matter of law." *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1576 (Fed.Cir.1989); *see also Celotex Corp. v. Catrett*, 477 U.S.

317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party in the respective motions and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). Once the moving party has satisfied its burden of proof by credible affidavits or other supporting materials that there is no genuine issue of material fact, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine, triable issue. *See Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

### B. Infringement (Cabot's First Count & Arkon's Sixth Affirmative Defense)[3]

■ Literal infringement may be found only when and if the accused device embodies every element of the patent claim. *Mannesmann Demag Corp. v. Engineered Metal Prods. Co.*, 793 F.2d 1279, 1282 (Fed.Cir. 1986). The analysis of a patent infringement claim involves two steps: determining the scope of the claims and determining whether the accused device infringes those claims. *Id.* Interpretation of the claims is a legal question to be decided by the court. *Texas Instruments v. U.S. Intern. Trade Comm'n*, 805 F.2d 1558, 1562 (Fed.Cir.1986). The question of infringement is ordinarily a factual one for the jury, but when the relevant material facts are not genuinely in dispute, the question of literal infringement "collapses to one of claim construction and is thus amenable to summary judgment." *Athletic Alternatives, Inc. v. Prince Mfg.*, 73 F.3d 1573, 1578 (Fed.Cir.1996).

To interpret a claim, courts may refer to the specification, the prosecution history and the other claims in the patent. *Mannesmann*, 793 F.2d at 1282. Courts should construe the words of the claim according to their ordinary meaning "unless it appears the

---

**2.** In its opposition to Cabot's Motion for Summary Judgment, Arkon argues that Mr. Gardner's affidavit should be stricken, but because there is no motion to that effect properly before this Court, the argument was not considered.

**3.** Arkon contends that infringement cannot be determined independent of validity. Infringe-

ment and validity, however, are unrelated questions. *See Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 1565 (Fed.Cir.1991) (Rich, J., dissenting); *Spectra–Physics Inc. v. Coherent Inc.*, 827 F.2d 1524, 1535 (Fed.Cir.1987). This Court may, therefore, consider whether Arkon's earplugs infringe the '149 patent without regard to whether the '149 patent is valid.

inventor used them otherwise." *Bell Communications Research, Inc. v. Vitalink Communications Corp.*, 55 F.3d 615, 620 (Fed. Cir.1995).

Each of the claim elements in the instant case may be construed by reference to the ordinary meanings of the words or by reference to the specification of the '149 patent.[4] Arkon has not presented any evidence to suggest an alternative construction for the elements of the claim.

The second step in determining infringement is to compare the claims of the '149 patent and the infringing products made, sold and/or offered for sale by Arkon.[5] Cabot presented unrebutted evidence that Arkon's allegedly infringing earplugs embody every element of claim 1 of the '149 patent except thickness.

Claim 1 of the '149 patent includes flanges comprising a skirt of substantially uniform thickness of between about 0.008 inch and 0.050 inch. The Declaration of Ross Gardner, Jr. states that the allegedly infringing earplugs have flanges in the shape of a thin skirt with a substantially uniform thickness of between about 0.015 inch and 0.021 inch. In his Rule 26(b)(4) Statement, John G. Casali, Ph.D., CPE was unable, however, to determine the thickness of the allegedly infringing earplugs. A genuine issue of material fact exists, therefore, with respect to the thickness of the allegedly infringing earplugs.

4. Claim 1 of the '149 patent reads, in its entirety:

An earplug composed of a resilient polymeric material and comprising:
an elongated stalk member having a nose end;
a flange array comprising at least three hollow, rearwardly extending flange elements of substantially circular crossections and of serially increasing diameters integrally affixed to said stalk member at spaced intervals along at least a portion of the length thereof, the flange element of the smallest diameter being located at said nose end;
each said flange element being of generally hemispherical shape, comprising a thin skirt having a substantially uniform thickness of between about 0.008 inch (0.20 mm) and about 0.050 inch (1.27 mm) and being composed of a resilient polymeric material of construction having a Shore A Durometer hardness value between about 10 and about 90;

### C. Estoppel by Laches and Acquiescence (Arkon's First Affirmative Defense)

Arkon asserts that Cabot is estopped by reason of laches and acquiescence from asserting infringement of the '149 patent. Laches and acquiescence is a defense that rises when a patent holder neglects or delays bringing suit, thus causing prejudice to the adverse party. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028–29 (Fed.Cir.1992) (en banc). Arkon has submitted no evidence to support a finding of laches or acquiescence. This Court will, therefore, allow Cabot's motion for summary judgment with respect to that affirmative defense.

### D. Prosecution History Estoppel (Arkon's Third Affirmative Defense)

Arkon contends that prosecution history estoppel prevents Cabot from asserting a construction of the claims of the '149 patent that would encompass Arkon's earplugs. Arkon asserts that Cabot made misstatements regarding the meaning and definition of certain claimed terms during prosecution of the application which issued as the '149 patent. Arkon has not, however, specified which statements were inaccurate nor has it provided any evidence of misstatements beyond its bald assertion. This Court will, therefore, allow Cabot's motion for summary judgment with respect to that affirmative defense.

the diameter of each portion of said stalk member underlying each skirt being such as to define an annular free space between the interior surface of said skirt and said stalk member.

Col. 8, lines 21–42. The specification explicitly states that:

By "generally hemispherical" it is meant that the flange element defines no less than about 45% and no more than 55% of a chordally sectioned hollow spherical body whose external surface is, at essentially all points thereon, substantially equidistant from the single geometric center thereof.

Col. 3, lines 21–27.

5. Arkon contends that it has redesigned its earplug. The redesign is immaterial, however, to the question of whether prior products made, sold and/or offered for sale by Arkon infringed the '149 patent.

### E. *Invalidity of the '149 Patent (Arkon's Second, Fourth & Fifth Affirmative Defenses)*

1. Anticipation or Obviousness under 35 U.S.C. §§ 102, 103

Arkon contends that the claims of the '149 patent are invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103. The issue of patent validity is a question of law amenable to summary judgment. *See Paragon Podiatry Lab. v. KLM Labs.*, 984 F.2d 1182, 1184–85 (Fed.Cir.1993). Summary judgment is only improper if the underlying factual considerations that form the basis of the conclusion of law are in dispute. Id. at 1186. The challenger of a patent must prove invalidity by clear and convincing evidence. *Lindemann Maschinenfabrik GMBH v. American Hoist & Derrick Co.*, 730 F.2d 1452, 1459 (Fed.Cir.1984).

Under 35 U.S.C. § 102, anticipation requires that each and every element of the claimed invention be disclosed in a single prior art reference. *Akzo v. U.S. Intern. Trade Comm'n*, 808 F.2d 1471, 1479 (Fed. Cir.1986); *Tights, Inc. v. Acme–McCrary Corp.*, 541 F.2d 1047, 1056 (4th Cir.1976). Arkon presents no evidence to support that claim. This Court will, therefore, allow Cabot's motion for summary judgment with respect to the anticipation prong of the second affirmative defense.

■ Under 35 U.S.C. § 103, obviousness is a legal conclusion involving four preliminary factual inquiries: 1) the scope and content of the prior art, 2) the differences between the claims and the prior art, 3) the level of ordinary skill in the pertinent art, and 4) secondary considerations of nonobviousness including commercial success, long felt but unsolved need and failure of others. *Graham v. John Deere Co.*, 383 U.S. 1, 17–17, 86 S.Ct. 684, 693–94, 15 L.Ed.2d 545 (1966); *Uniroyal, Inc. v. Rudkin–Wiley Corp.*, 837 F.2d 1044, 1050 (Fed.Cir.1988). Although Arkon supports its contention of invalidity for obviousness with the expert reports of John H. Huth, Ph.D. ("Huth") and Richard Jenkins ("Jenkins") and Cabot supports its contention of validity with the Rebuttal Statement of Elliot H. Berger ("Berger"), there is no dispute with regard to the underlying factual considerations. Summary judgment on that issue, one way or the other, is, therefore, appropriate. *See Paragon*, 984 F.2d at 1186.

Huth and Jenkins cite four U.S. patents to establish the invalidity of the '149 patent: U.S. Patents 3,800,791 ("the '791 patent"), 3,619,600 ("the '600 patent"), 4,564,009 ("the '009 patent") and U.S. Des. 245,202 ("the '202 patent"). The '791 and '202 patents are cited in the '149 patent, but the '600 and '009 patents are not.

Huth contends that the '791 patent, which depicts three rearwardly-extending flanges of substantially circular cross sections and serially increasing diameters affixed to a stalk member having a nose, combined with the generally hemispherical shapes found in the '202, '600 and '009 patents renders obvious claim 1 of the '149 patent. Jenkins similarly asserts that a combination of the '791 patent with the '600 and '009 patents renders obvious the '149 patent.

Huth and Jenkins do not explain why a combination of the elements of those patents would have been "obvious at the time the invention was made, to a person having ordinary skill in the art …" 35 U.S.C. § 103. Although such a combination may seem obvious now that it has been done, hindsight is not relevent to determining obviousness.

Berger contends, on behalf of the plaintiff and based upon personal knowledge, that at the time the invention embodied in the '149 patent was initially conceived, skilled toolmasters and molders thought the tooling required to place three hemispherical flanges together on a stalk was unworkable. Because Arkon's experts provide no support for their contention that a combination of the prior art rendered obvious the '149 patent at the time the invention was made, Arkon has not met its heavy burden of proving invalidity. This Court will, therefore, allow Cabot's motion for summary judgment with respect to the obviousness prong of the second affirmative defense.

2. Failure to Disclose Material Information under 37 C.F.R. § 1.56(a)

■ Arkon contends that Cabot was guilty of inequitable conduct rendering the '149 pat-

ent unenforceable when it withheld material prior art from the United States Patent and Trademark Office ("USPTO"). Inequitable conduct of this kind requires proof by clear and convincing evidence that there is a substantial likelihood that a reasonable examiner would have considered the omitted reference important in deciding whether to allow the application to issue as a patent. *J.P. Stevens & Co. Inc. v. Lex Tex Ltd., Inc.*, 747 F.2d 1553, 1559 (Fed.Cir.1984). *See* 37 C.F.R. § 1.56(a). Inequitable conduct also requires proof of intent although proof of gross negligence is sufficient. *J.P. Stevens*, 747 F.2d at 1559. Gross negligence is present when the patent applicant reasonably should have known of the materiality of a withheld reference. *Id.* at 1560.

To prevail on its claim of inequitable conduct, Arkon must show by clear and convincing evidence that 1) prior art not before the USPTO is material and more relevant than the prior art considered by it and 2) Cabot knew or should have known of such prior art. With respect to the first prong, Huth and Jenkins contend that the '600 and '009 patents which Cabot did not present to the USPTO are material and relevant. They do not explain, however, how those patents are more relevant than those which were presented to the USPTO.

The '009 patent is merely a variant of U.S. Patents 2,393,005 and 2,427,664 which were presented to the USPTO during the application process and are discussed in the '149 patent. The '600 patent describes a semi-insert protector which is a device pressed against the entrance of the earcanal rather than entering it, as does an earplug, and requires a band to maintain an acoustic seal. Arkon has failed to provide clear and convincing evidence that those patents are more relevant than the 22 patents Cabot presented to the USPTO. This Court will, therefore, allow Cabot's motion for summary judgment with respect to the fourth affirmative defense.

3. Indefiniteness under 35 U.S.C. § 112

Arkon contends that the claims of the '149 patent are invalid as indefinite under 35 U.S.C. § 112. Section 112 requires that the patent reasonably apprise those skilled in the art of the claimed device and disclose adequate information for those skilled in the art to make and use the claimed device. *Miles Laboratories, Inc. v. Shandon Inc.*, 997 F.2d 870, 875 (Fed.Cir.1993). Arkon has provided no specific evidence in support of that claim. This Court will, therefore, allow Cabot's motion for summary judgment with respect to the fifth affirmative defense.

### ORDER

For the foregoing reasons:

1) plaintiff's motion for summary judgment with respect to the issue of:

a) infringement is **DENIED**;

b) laches and acquiescence is **ALLOWED**;

c) invalidity due to anticipation is **ALLOWED**;

d) invalidity due to obviousness is **ALLOWED**;

e) prosecution history estoppel is **ALLOWED**;

f) inequitable conduct before the USPTO is **ALLOWED**;

g) invalidity due to indefiniteness is **ALLOWED**; and

2) defendant's motion for summary judgment with respect to the issue of infringement is **DENIED**.

So ordered.